993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie COOPER, Plaintiff-Appellant,
v.
VANDERWAL, Sgt., Defendant-Appellee.
 No. 92-2325.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronnie Cooper, pro se, appeals a district court judgment granting the defendant's motion for summary judgment in this prisoner civil rights case filed under 42 U.S.C. § 1983. The defendant is a Detective Sergeant employed by the Michigan State Police in Ionia, Michigan.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Cooper alleged that the defendant, on February 25, 1991, entered his prison cell, read him his "rights," informed him that he was under arrest for threatening a judge and his family, and proceeded to search his cell without a warrant and without probable cause to do so. Cooper requested damages in the amount of $15 million. Apparently, Cooper filed a second complaint, which the district court construed as an attempt to amend his original complaint. In the second complaint, Cooper alleged that the defendant violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and requested declaratory and injunctive relief.
 
 
 4
 The matter was referred to a magistrate judge, who found that the defendant was entitled to summary judgment based on qualified immunity on all grounds except Cooper's claim that the defendant violated his Fourth Amendment right to be protected against unreasonable searches and seizures in his cell. The only objections to this report were filed by defendant Vanderwal, opposing the recommendation that he not be granted qualified immunity and summary judgment on Cooper's Fourth Amendment claim. Cooper did not, and has not to date, filed objections to the magistrate judge's report and recommendation. Under the rule approved in Thomas v. Arn, 474 U.S. 140 (1985), Cooper has waived his right to appeal any findings contained within that recommendation. This is not a case presenting exceptional circumstances warranting an exception to the Thomas v. Arn rule, in the interests of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 5
 The Supreme Court has held that prisoners have no Fourth Amendment right to privacy in their individual cells. Hudson v. Palmer, 468 U.S. 517, 526 (1984). The defendant's act of attempting to obtain evidence from Cooper's cell, acting on reliable information that Cooper was the extortionist in a scheme to threaten a state judge's life and threatening that judge with obscene sexual acts, is certainly reasonable in light of the deference that must be afforded prison administrators in the adoption and execution of policies that, in their judgment, are needed to preserve internal order and discipline within the prison system. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, the magistrate judge properly found that, under Parratt v. Taylor, 451 U.S. 527 (1981), Cooper has an available remedy under state law to retrieve any materials that were taken from his cell. Because the record shows no violation of a constitutional right, the district court properly granted summary judgment for the defendant.
 
 
 6
 Accordingly, the district court's order granting summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.